**George HUNTER, Plaintiff-Appellant,**

**v.**

**STEPHENSON ROOFING, INC., Defendant-Appellee.**

**No. 84–1494.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 10, 1986.

Decided May 7, 1986.

Otis M. Underwood, Jr. (argued), Oxford, Mich., for plaintiff-appellant.

Charles Forrest, Jr. (argued), Grand Blanc, Mich., for defendant-appellee.

Before LIVELY, Chief Judge, WELL-FORD, Circuit Judge and PORTER, Senior District Judge.*

WELLFORD, Circuit Judge.

Plaintiff filed his complaint on February 27, 1984, alleging a violation of Title 7 of the Civil Rights Act of 1964. Defendant filed a motion for summary judgment on April 26, 1984, which the court treated as a motion pursuant to Fed.R.Civ.P. 12(b)(6). The defendant based its motion on the contention that the complaint on its face disclosed plaintiff had failed to comply with the ninety day time requirements of 42 U.S.C. § 2000e–5(f)(1) (1982). Plaintiff's complaint states that the Equal Employment Opportunity Commission (EEOC) "advised" and "notified" plaintiff of his right to sue on November 16, 1983. Plaintiff filed no response to defendant's motion despite a court order that required a response within ten days and set a later hearing.

The district court dismissed plaintiff's complaint prior to the scheduled hearing in the absence of any response. Plaintiff promptly filed his motion for reconsideration and attempted to justify the failure to respond by explaining that plaintiff had not actually received the EEOC's notice of his right to sue until January 26, 1984, although the EEOC issued the notice on No-vember 16, 1983. The district court denied plaintiff's motion for reconsideration. The court did not deny the motion on the basis of procedural default, but rather on the ground that plaintiff received his right to sue notice in time to have filed suit within ninety days from issuance of that notice. Circumstances did not justify tolling the filing requirement in the opinion of the district judge, who reasoned that plaintiff's failure to bring timely suit was not a factually similar one to others in which this court had previously sanctioned the use of the court's equitable powers. We affirm the judgment of the district court.

## I.

We must decide whether a claimant must *actually* receive the EEOC's notice for the running of the ninety day period to begin. Other courts have indicated that the doctrine of "constructive receipt" will not toll the time period in section 2000e–5(f)(1).[1] In *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir.1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), the EEOC mailed notice by certified mail to claimant's mailing address.[2] Claimant's nine-year-old nephew received the EEOC's letter and signed the postal receipt. The nephew lost the letter before giving it to claimant. Claimant knew his nephew had signed for something, but never saw or received the letter personally. *Id.* at 403. The court held that the claimant's time period did not begin to run when the nephew received the letter, reasoning that the doctrine of constructive receipt would poorly serve the remedial purposes of Title VII. *Id.* at 404. The court limited its holding that receipt of the notice by a family member did not bar the right to sue after ninety days to circumstances in which a "claimant through no fault of his own has failed to receive the suit letter." *Id.* at 405.

---

* The Honorable David S. Porter, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1. The portion of the statute at issue here is: "... the Commission ... shall so notify the person aggrieved and within ninety days after the giv-ing of such notice, a civil action may be brought...." 42 U.S.C. § 2000e–5(f)(1) (1982).

2. Claimant resided at an address different from his mailing address. His grandmother, sister and nine-year-old nephew lived at his mailing address. 495 F.2d at 403.

In *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir.1978), the claimant's wife received the EEOC's notice on July 28 but did not give the notice to claimant until August 6. Since claimant filed his complaint on October 27, whether he filed it within the ninety day period depended on whether the period began to run with the wife's receipt or with the claimant's receipt. Following *Franks,* the *Archie* court also declined to apply the doctrine of constructive receipt and held the time period began to run only when the claimant received the notice from his wife. *Id.* at 215.

Subsequent case law, however, has refined the approach enunciated in *Franks* and *Archie.* In *Lewis v. Conners Steel Co.,* 673 F.2d 1240 (11th Cir.1982) (per curiam), the court held a claimant has the burden of advising the EEOC of address changes to ensure delivery of notice to his current address. Plaintiff originally had provided the EEOC with a Birmingham address. The EEOC sent a right-to-sue letter by registered mail to the Birmingham address, but plaintiff had already moved to Dolomite, Alabama.[3] Plaintiff claimed he had notified the EEOC of his Dolomite address and the court remanded for a hearing on this factual dispute. *See also Law v. Hercules, Inc.,* 713 F.2d 691, 692–93 (11th Cir.1983) (following *Lewis,* held claimant had notice at the time his seventeen-year-old son picked up letter at post office; son took letter home, and claimant saw it one or two days later); *Bell v. Eagle Motor Lines, Inc.,* 693 F.2d 1086, 1086–87 (11th Cir.1982) (following *Lewis* and adopting case-by-case approach, held claimant had notice when wife signed for letter, not when claimant actually received letter eight days later).

In *St. Louis v. Alverno College,* 744 F.2d 1314 (7th Cir.1984), the Seventh Circuit clarified its holding in *Archie,* concluding that a claimant has the burden of providing the EEOC with changes of address. The EEOC had mailed the right-to-sue letter to plaintiff's Milwaukee address, but the letter was returned to the EEOC because plaintiff had moved to Texas without notifying the EEOC. 744 F.2d at 1315. The court distinguished *Archie* and *Franks* on the ground they concerned the issue of constructive receipt. The court emphasized that *Archie* and *Franks* concerned circumstances in which the claimants' delayed receipt of notice was fortuitous and beyond their control. *Id.* at 1316. The *St. Louis* court, however, held that it was not beyond claimant's control or unreasonable to place an affirmative duty on a claimant to notify the EEOC of any change of mailing address or to suffer the consequence of a late or delayed receipt.

In *Espinoza v. Missouri Pacific R. Co.,* 754 F.2d 1247 (5th Cir.1985), the Fifth Circuit also reexamined its rationale in *Franks.* In *Espinoza* the EEOC mailed the right-to-sue letter to Espinoza's home address. Espinoza's wife actually received the notice. Espinoza was out of town at the time and did not see the letter until eight days later. *Id.* at 1249. The court held that the giving of the notice to Espinoza at the address provided by him starts the ninety day time period. *Id.* at 1250.[4] In *Franks* the claimant never received his right-to-sue letter because his nine-year-old nephew lost it. In *Espinoza* the claimant did not see the notice until eight days after his wife signed for it because he was out of town, but he still had eighty-two days to file suit following his return home. The *Espinoza* court did not believe these facts suggested fortuitous circumstances beyond claimant's control. *Id.* at 1251.[5]

 We are not inclined toward an inflexible rule requiring actual receipt of notice by a claimant before the time period begins to run. We believe the reasoning in *St. Louis* and *Lewis* is sound to the extent

---

**3.** The EEOC did receive a return receipt, but it could not be located to determine who signed it. 673 F.2d at 1241.

**4.** The court recognized that other equitable reasons might toll the time period.

**5.** The court characterized as dicta language in *Franks* suggesting constructive notice is inapplicable to Title VII cases. 754 F.2d at 1250, 1250 n. 2.

Courts have split on the question whether a claimant is constructively notified when his attorney receives notice. *Compare Jones v. Mad-*

they place an affirmative duty on claimant to notify the EEOC of any change in mailing address. *Accord* 29 C.F.R. § 1601.7(b)(1981) (requires claimants to notify EEOC of change of address). This burden on claimants is a minimal one and reasonable. *See St. Louis,* 744 F.2d at 1316–17; *Lewis,* 673 F.2d at 1243.

## II.

In the present case plaintiff failed to notify the EEOC of his change of address. The EEOC sent plaintiff's right-to-sue letter to his address of record. But plaintiff had moved from this address because of an argument with his roommate. Plaintiff obtained his letter from the post office after his former roommate notified him that the postman had attempted to deliver a certified letter to him. We conclude on these facts that plaintiff's ninety day time period began to run five days after the date the EEOC mailed [6] plaintiff's right-to-sue letter to his address of record. *Accord* 20 C.F.R. § 422.210(c) (1985) (presumes social security claimant receives notice of right-to-sue five days after notice first enters the mail).

The facts of this case do not require us to reach the question whether the doctrine of constructive receipt applies to section 2000e–5(f)(1) or whether claimants can lose their right to sue because of fortuitous circumstances beyond their control.[7] Our holding is that plaintiff did not receive EEOC notice promptly because he did not notify the EEOC of a change of address and that he may not therefore claim that this ninety day time period is equitably

tolled. While actual receipt by claimant is not required, we do not reach the issue of what circumstances may establish constructive notice as sufficient. In this case, the EEOC mailed the right-to-sue letter on November 16, 1983. Plaintiff did not file suit until February 27, 1984. Plaintiff exceeded his ninety day time period and equitable tolling does not apply.

The judgment of the district court accordingly is AFFIRMED.

---

*ison Service Corp.,* 744 F.2d 1309 (7th Cir.1984) (held receipt by claimant's attorney commenced running of time period) and *Harper v. Burgess,* 701 F.2d 29 (4th Cir.1983) *with Cooper v. Lewis,* 644 F.2d 1077, 1082–87 (5th Cir. Unit A 1981) and *Rea v. Middendorf,* 587 F.2d 4 (6th Cir. 1978) (construing § 2000e–16(c) and specific regulations concerning rights of government employees).

6. We choose the date when notice is mailed to a claimant who has moved and has not notified the EEOC of a change of address because any other date would be very difficult to determine and would depend upon a variety of circumstances.

7. We consider the issue in the present case—what the legal consequences are when a claimant fails to provide the EEOC with her correct current mailing address—to be a threshold question, the resolution of which does not affect the analysis whether the doctrine of constructive receipt applies to § 2000e–5(f)(1) cases. *Accord St. Louis,* 744 F.2d at 1316–17; *Lewis,* 673 F.2d at 1242–43. We acknowledge, however, that our holding might imply that in the circumstances of the present case the claimant "constructively received" his notice five days after the EEOC mailed it.