**Charlene COOK, Plaintiff-Appellant,**

v.

**PROVIDENCE HOSPITAL, Defendant-Appellee.**

No. 86–1559.

United States Court of Appeals, Sixth Circuit.

Argued April 13, 1987.

Decided June 1, 1987.

Numerous efforts were made to interview the claimant, but with no success. In an effort to determine the claimant's interest in pursuing the complaint and/or secure information, the Department notified the claimant by mail; however, the claimant did not respond. Evidence indicates the claimant is aware of the Department's attempts to secure the claimant's cooperation but the claimant will not respond.

Although certified mail was returned as unclaimed, regular mail was sent to the claimant's address of record and was not returned as undeliverable.

The matter cannot be completed without the assistance of the claimant.

It is Ordered this complaint be dismissed because of claimant's unavailability.

This Order of Dismissal was mailed to Cook, but she denies receiving it.

The EEOC next investigated Cook's charge. On May 25, 1983, it also dismissed the charge, stating that "[t]he Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address." The EEOC mailed its Notice of Right to Sue to Providence Hospital (Providence) and to Cook. Providence apparently received the letter; Cook claims she did not. Cook's letter was not returned to the Agency as undeliverable.

Over a year later, on June 15, 1984, Cook called the EEOC to inquire about her claim. According to Cook's affidavit, an EEOC employee told her that the "charge had been administratively closed in May 1983 and that I should have received a Right to Sue." On July 22, 1985, after allegedly meeting with an EEOC coordinator, Cook acknowledges having received a copy of the May 25, 1983, Right to Sue letter. On October 17, 1985, within 90 days of receiving that letter, she filed the pro se complaint in controversy.

Providence answered and later filed a Rule 12(b)(1) motion to dismiss on the ground that the court lacked subject matter jurisdiction because the complaint was not filed within ninety days after Cook

Craig F. McKinnon, Ann Arbor, Mich., for plaintiff-appellant.

Seth M. Lloyd, Detroit, Mich., M. Beth Sax, argued, for defendant-appellee.

Before MARTIN, WELLFORD and MILBURN, Circuit Judges.

WELLFORD, Circuit Judge.

Cook, a nurse's assistant at defendant hospital, was fired for excessive tardiness on July 14, 1982. A month later, Cook filed claims of unlawful race discrimination with the Michigan Department of Civil Rights (MDCR) and the Equal Employment Opportunity Commission (EEOC). On March 10, 1983, the MDCR dismissed Cook's complaint, stating:

received notice that her claims had been dismissed. After retaining an attorney, Cook responded to the motion stating the reasons for the filing delay and arguing that her complaint was timely filed.

On May 22, 1986, the district court dismissed Cook's claim "on account of plaintiff's failure to commence the lawsuit within ninety days of June 15, 1984." The remaining counts were dismissed because Cook had not filed "her complaint within three years of the date of her discharge." The court reasoned that

> Plaintiff had actual notice of the E.E.O. C.'s determination on June 15, 1984, when an employee of the Agency advised her that her file had been closed in 1983 and that a right to sue notice had been issued by the Agency. At least at that point, if not in May, 1983, the ninety day period for instituting a Title VII action in federal court was triggered. An illogical, absurd result would occur if despite having actual knowledge in 1984 of the E.E.O.C.'s determination, Plaintiff could delay filing her race discrimination lawsuit until the E.E.O.C. sent a second notice to her in 1985. Additionally, Plaintiff has not demonstrated that the equitable tolling exception should be applied.

Before reaching the merits, we address a procedural matter raised by this appeal. After answering, Providence moved to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Cook responded with a brief and an affidavit. No discovery had been conducted and the court granted the defendant's motion without a hearing.

Rule 12 provides that certain defenses "shall be" raised by responsive pleading or by motion filed before the responsive pleading. If such defenses are not asserted either before or within the responsive pleading, they may be waived. *See* Fed.R. Civ.P. 12(b), (g), (h). Since lack of subject matter jurisdiction is not a waivable defense, the court was required to decide the motion. *See* Fed.R.Civ.P. 12(h)(3).

In considering the Rule 12(b)(1) motion, the court was confronted with the pleadings and with an affidavit. In such a case, Federal Rule of Civil Procedure 12(c) requires that where "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and [shall be] disposed of as provided in Rule 56, ...." When, as here, the Rule 12(b)(1) motion is treated as a Rule 56 motion, it is to be served "at least 10 days before the time fixed for the hearing". Fed.R.Civ.P. 56(a). Normally, in order to provide the party opposing the motion a reasonable opportunity to present its position, a hearing is required on a dispositive motion.[1] *See* Fed.R.Civ.P. 56(c),[2] Fed.R.Civ.P. 12(c) ("all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56").

■ Here, the full import of the facts and applicable law was set forth in the pleadings and in the plaintiff's affidavit. Under these circumstances we find that a hearing was not required: the facts are relatively simple, substantially uncontroverted, and the law is not complex.

Turning now to the merits, Cook argues that she timely filed her complaint because she did not receive the original right to sue letter. She argues that she did not have actual notice of her right to sue until she received a copy of the right to sue letter in July of 1985, and she states that "[a]lthough EEOC informed her she would receive a letter in June 1984, there is no evidence that they explained the 90–day limitation at any point." Cook's argument is based upon a theory that she was not at

---

1. During oral argument Providence's attorney suggested that a local court rule provides that no hearing is required on motions for summary judgment. The local rule is not part of the record; however, a local rule suggesting that hearings on summary judgment motions are to be routinely denied is ineffectual. Hearings are normally held on such a motion; they are dispensed with sparingly.

2. "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits...." Fed.R.Civ.P. 56(c).

fault in not receiving the notice in the normal course. If the claimant were deemed to have been at fault for not receiving the letter, then the ninety day jurisdictional limitation is not tolled. *St. Louis v. Alverno College,* 744 F.2d 1314, 1316 (7th Cir.1984) (did not notify of change of address); *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1313–14 (7th Cir.1984) (Generally, "the 90–day period commences when the [claimant's] attorney receives the letter".).

Providence responds that the ninety day limitation is jurisdictional and, in any event, is not subject to tolling on this record because Cook has offered no facts supporting an equitable tolling argument. It also urges that, "as in *Jones,* no fact question exists as to whether she had actual knowledge of her right to sue as of the June 15, 1984 telephone conversation with the EEOC. She admits that she did have knowledge."

There is a factual dispute—whether Cook received the letter. However, summary judgment "shall be rendered forthwith if the pleadings, ... together with the affidavits, if any, show that there is no *genuine* issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (emphasis added). As the Supreme Court recently explained, "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* — U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis original).

■ As in the situation involving a motion for directed verdict, "the trial judge must [grant summary judgment] if, under

the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson,* 106 S.Ct. at 2511 (citation omitted). When there is only one reasonable conclusion to be drawn, the factual dispute does not involve a genuine issue requiring a trial. *See Anderson,* 106 S.Ct. at 2510; *see also Celotex Corp. v. Catrett,* — U.S. ——, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). We hold that, although there may be a factual dispute about whether Cook received the letter, the dispute does not preclude the grant of summary judgment. There is only one reasonable conclusion that can be drawn from this record.[3] In this case, we are confronted with overwhelming evidence that Cook received notice that her claim had been administratively denied and that she had a right to sue her employer: the EEOC mailed the Notice both to Cook and to Providence. The latter received the notice; Cook's Notice was not returned undelivered; Cook admitted that in June of 1984 she talked to an EEOC employee who told her that she "should have received a Right to Sue". In contrast, Cook offers only her unsubstantiated testimony that she never received the May, 1983, Notice of Right to Sue.

This dispute, moreover, is not material because whether or not Cook received the initial Notice of Right to Sue is not determinative. Assuming, *arguendo,* that Cook did not receive the Notice, she admits that she had actual knowledge, fully one year prior to suit, that the EEOC had given her the right to sue; yet, she unjustifiably failed to pursue her rights.

■ Finally, we hold that on these facts there is no basis for application of the principle of equitable tolling. The district court properly dismissed the complaint because it did not have jurisdiction. The complaint was filed considerably more than ninety days after the Notice of Right to

---

**3.** At common law, there is a presumption that a properly addressed, stamped, and mailed letter is received by the addressee. *See, e.g., Simpson v. Jefferson Standard Life Insurance Co.,* 465 F.2d 1320, 1323 (6th Cir.1972) (citing *Wigmore on Evidence* § 95, at 524 (3d ed.)). As we recently intimated in *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 475 (6th Cir.1986), there is a presumption that mail is received by the addressee and the ninety day time limit begins

to run five days after the EEOC Notice of Right to Sue is mailed.

We recognize the difficult situation in which an addressee is placed: what evidence, other than her denial of receipt, is available to rebut the presumption that a letter is received? Nonetheless, on these facts, we believe Cook's denials are not sufficient to support a reasonable conclusion that the letter was not received.

Sue was issued, and plaintiff was notified that it had been issued. 42 U.S.C. § 2000e–5(f)(1) (1981) ("within ninety days after the giving of such notice [of Right to Sue] a civil action may be brought against the respondent named in the charge"); *see, e.g., Goodman v. City Products Corp.*, 425 F.2d 702, 703 (6th Cir.1970) ("The permissive verb 'may' refers to the option of the aggrieved party to bring a lawsuit, not to a discretion in the Court to receive the case following the expiration of 30 [now 90] days.").

In *Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir.1981), we stressed that equitable tolling "is not an escape valve through which jurisdictional requirements will evaporate". After carefully considering Cook's arguments, we conclude that the doctrine of equitable tolling does not apply. Cook had actual knowledge, more than ninety days before she filed suit, that she could sue her former employer. We conclude that there was no *genuine* issue of *material* fact; the district court did not have jurisdiction to hear Cook's complaint. Accordingly, we AFFIRM the judgment of the district court.