Alexander Leon BANKS,
Plaintiff–Appellant,

v.

ROCKWELL INTERNATIONAL NORTH AMERICAN AIRCRAFT OPERATIONS, Defendant–Appellee.

No. 87–3907.

United States Court of Appeals,
Sixth Circuit.

Submitted July 28, 1988.

Decided Aug. 24, 1988.

Jeffrey D. Swick, Brownfield & Cramer, Columbus, Ohio, for plaintiff-appellant.

Thomas V. Williams, Porter, Wright, Morris & Arthur, Columbus, Ohio, Wayne A. Schrader, Gibson, Dunn & Crutcher, Washington, D.C., for defendant-appellee.

Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Alexander Banks appeals the district court's entry of summary judgment in favor of Rockwell International North American Aircraft Operations in this race discrimination action brought pursuant to 42 U.S.C. §§ 1981 and 2000e, *et seq.* (Title VII). For the following reasons, we affirm the district court's judgment.

I.

In November of 1982, appellant Alexander Banks, a former employee of appellee Rockwell International filed a charge of discrimination with the Ohio Civil Rights Commission (OCRC) and the Equal Employment Opportunity Commission (EEOC or Commission). The OCRC processed the charge and issued a finding of no reasonable cause to believe the charge is true. In a letter dated August 29, 1982, Banks's counsel requested the EEOC to issue a notice of right to sue to Banks. However, no evidence in the record reveals whether this letter was actually mailed to the EEOC or that this letter was received by the Commission.[1] Thereafter, on September 7,

---

**1.** Appellant argues that certain statements in his memorandum in opposition to partial summary judgment indicate that this letter was mailed. However, a motion for summary judgment may

not be defeated by factual assertions in the brief of the party opposing it, since documents of this nature are self-serving and are not probative evidence of the existence or nonexistence of any

1983, the EEOC issued its determination and notice of right to sue which were sent by certified mail to Banks at his address of record. The post office returned Banks's notice of right to sue to the EEOC undelivered with the explanation that Banks had moved and left no address.

On January 3, 1984, Banks's counsel sent a second letter to the EEOC requesting a notice of right to sue. This letter failed to provide the EEOC with Banks's then current address. Banks's counsel mailed a third letter to the EEOC on March 12, 1984, after he became aware that a notice of right to sue had previously been issued but not received by Banks. In this letter, Banks's counsel explained that Banks had not been living at the address provided to the EEOC due to a divorce and that Banks's former wife had not forwarded his mail. This letter also requested that the notice of right to sue be reissued to Banks at his then current address which was finally provided to the EEOC.

The EEOC reissued Banks's notice of right to sue on March 15, 1984. Thereafter, on June 7, 1984, Banks filed a complaint in district court, alleging violations of Title VII and section 1981.

Rockwell International filed a motion for partial summary judgment on the ground that the Title VII claim was not timely filed within the ninety-day period from the issuance of the notice of right to sue. On August 7, 1986, the district court denied the motion without prejudice because Rockwell International failed to produce any evidence concerning the date the notice of right to sue was mailed to the address which Banks had provided to the EEOC. Subsequently, Rockwell International renewed its motion for summary judgment and filed supporting documents. Included were photocopies of both sides of the envelope enclosing the September 7, 1983 notice of right to sue indicating that the notice was returned to the EEOC on September 12, 1983 because Banks had moved without leaving a forwarding address.

On August 5, 1987, the district court issued a memorandum and order granting Rockwell International's motion for partial summary judgment. Additionally, the district court ordered appellant to show cause within ten days why his 1981 claim should not be dismissed *sua sponte* on the ground that it failed to comply with the applicable one year statute of limitations. *Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 666 F.Supp. 1053 (S.D.Ohio 1987). Thereafter, on August 25, 1987, the district court dismissed appellant's section 1981 claim and entered judgment for Rockwell International.

This timely appeal followed. Appellant raises only issues which relate to his Title VII claim. We must decide whether the district court properly granted summary judgment for Rockwell International on this claim.

## II.

The general standard an appellate court applies in reviewing a grant of summary judgment is the same as the district court employs initially under Federal Rule of Civil Procedure 56(c). *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2716 (1983). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the District Court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez,* 826 F.2d at 1536.

Title VII provides that the EEOC shall notify the person aggrieved of his right to

factual issues. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2723 pp. 64–65 (1983).

sue "and [that] within ninety days after the giving of such notice, a civil action may be brought." 42 U.S.C. 2000e–5(f)(1). This court has not been inclined toward an inflexible rule requiring actual receipt of notice by a claimant before the ninety-day period begins to run. *Hunter v. Stephenson Roofing Co.*, 790 F.2d 472, 474 (6th Cir.1986).

In *Hunter*, the appellant failed to notify the EEOC of a change of address occasioned by an argument with his roommate. Appellant obtained his notice of right to sue after his former roommate notified him that the postman had attempted to deliver a certified letter to him. This court held on the facts of that case that the appellant's ninety-day period began to run five days after the date on which the EEOC mailed a notice of right to sue to his address of record. *Id.* at 475. *See also Cook v. Providence Hosp.*, 820 F.2d 176, 179 n. 3 (6th Cir.1987) (stating that there is a presumption that mail is received by the addressee and that the ninety-day time limit begins to run five days after the EEOC mails the notice of right to sue).

In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), the Supreme Court held that the time limitations for filing a charge with the EEOC were not jurisdictional but rather "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Thereafter, in *Crown, Cork & Seal v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Supreme Court upheld the tolling of the ninety-day period for filing a complaint by the filing of a class action. The Supreme Court rejected the argument that the tolling rule of *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), does not apply in Title VII actions because the time limit contained in section 2000e–5(f)(1) is jurisdic-

tional and may not be tolled. The Court held that *Zipes*, 455 U.S. at 398, 102 S.Ct. at 1135, and *Mohasco Corp. v. Silver*, 447 U.S. 807, 811, 100 S.Ct. 2486, 2489, 65 L.Ed. 2d 532 (1980), foreclosed that argument. *Crown, Cork & Seal Co.*, 462 U.S. at 349 n. 3, 103 S.Ct. at 2395 n. 3. *See also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).[2]

In the instant case, the EEOC mailed appellant's notice of right to sue on September 7, 1983. Therefore, under *Hunter*, appellant's ninety-day period began to run five days later, September 12, 1983. Appellant argues, however, that equitable tolling principles should apply because although he was wrong in failing to apprise the EEOC of his change of address, the EEOC's failure to send his counsel a copy of the notice of right to sue directly and timely contributed to the expiration of the ninety-day period. We reject this argument.

■ First, appellant's argument that the *EEOC Compliance Manual* requires the Commission to send counsel a copy of the notice of right to sue was not presented to the district court nor did the district court consider such contention. Banks's vague reference in his memorandum in opposition to summary judgment to the EEOC's failure to comply with its own rules does not squarely present the argument pressed here on appeal. In the interests of judicial economy and the finality of judgments, and mindful of our function as an appellate court, we decline to review this argument. *See Sigmon Fuel Co. v. Tennessee Valley Authority*, 754 F.2d 162, 164–65 (6th Cir. 1985).

■ Second, this court has already refused to apply equitable tolling principles under analogous circumstances. In *Hunter*, we held that when a complainant does

---

**2.** We note that in *Cook* this court held that the district court did not have jurisdiction to hear the appellant's claim where she had filed her complaint considerably more than ninety days after the EEOC mailed her notice of right to sue and after she had gained actual knowledge that she should have received the notice. *Cook,* 820 F.2d at 179–80. *Cook,* however, relied on *Brown v. Mead Corp.,* 646 F.2d 1163, 1165 (6th

Cir.1981), decided prior to *Zipes,* which stated that Title VII filing requirements are jurisdictional. In any event, *Brown* acknowledged that equitable tolling principles could apply where Title VII filing requirements are not met, *id.,* and *Cook* held only that on its facts equitable tolling principles would not apply. Thus, our opinion today does not differ substantially from *Cook.*

not receive notice of right to sue promptly because he did not notify the EEOC of a change of address, he may not claim that the ninety-day time period is equitably tolled. *Hunter*, 790 F.2d at 475. In reaching our conclusion that the burden on complainants to notify the EEOC of a change in address is minimal and reasonable, we relied on the EEOC Regulations and case law which place an affirmative duty on a complainant to notify the EEOC of any change in mailing address. *Id.* at 474–75 (citing 29 C.F.R. § 1601.7(b); *St. Louis v. Alverno College*, 744 F.2d 1314 (7th Cir. 1984); *Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir.1982) (per curiam)).

█ Finally, we note that the tolling of limitations requested by appellant is grounded in equity. A cardinal maxim of equity jurisprudence is that he who comes into equity must come with clean hands. 30 C.J.S. *Equity* § 93 (1965). Appellant did not do so in the instant case where he failed to notify the EEOC of his change of address as required by the regulations.

For all of the foregoing reasons, equitable tolling principles do not apply in the instant case. Appellant's complaint was not timely filed pursuant to section 2000e–5(f)(1). Accordingly, the district court's grant of summary judgment is AFFIRMED.