888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANA LEON T, Plaintiff-Appellant,
v.
FEDERAL RESERVE BANK, of Chicago, Richard Surel, Frank
Calloway, Dorothy Hardy, Defendants-Appellees.
 No. 89-1644.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ana Leon T. moves for miscellaneous relief and appeals from the district court's order granting defendants' motion to dismiss her claim brought pursuant to Title VII of the Civil Rights Act for lack of subject matter jurisdiction.
 
 
 3
 Leon, a Colombian woman, was fired from the Federal Reserve Bank of Chicago for excessive tardiness. She subsequently filed charges with the Equal Employment Opportunity Commission (EEOC) in which she alleged that her discharge was wrongful because it was based on her national origin and because she had suffered an on-the-job injury to her lower back which resulted in a disability. On April 29, 1983, the EEOC issued both a determination letter stating that it had dismissed Leon's charge, and notification of the ninety-day period in which she had the right to sue. Leon claimed that she never received the decision of dismissal or notice of her right to sue. Nevertheless, on May 3, 1983, Leon purportedly requested reconsideration of her case because the EEOC's determination was "one-sided" and "unfair". She allegedly had no further knowledge of the status of her case until January 23, 1985, when she claimed that she was informed for the first time that her case was dismissed on April 29, 1983.
 
 
 4
 On September 9, 1985, Leon filed a complaint in the district court, naming as defendants the Federal Reserve Bank of Chicago, and three individual members of the Bank's management and supervision. The district court granted the defendants' motion to dismiss, and Leon appealed. By order filed May 29, 1987, the Sixth Circuit affirmed in part, reversed in part and remanded only the issue of whether she filed a motion for reconsideration of her Title VII action with the EEOC and when, if ever, the EEOC acted on that motion in order to determine whether she properly filed her Title VII claim. In addition, the Sixth Circuit indicated that the district court on remand, might want to consider whether laches bars Leon's Title VII claim.
 
 
 5
 On remand, the district court granted defendants' motion to dismiss for lack of subject matter jurisdiction.
 
 
 6
 On appeal, Leon argues that the district court incorrectly granted the motion to dismiss her complaint.
 
 
 7
 Upon consideration, we conclude that the district court properly dismissed Leon's Title VII claim for lack of subject matter jurisdiction as Leon failed to file a lawsuit within 90 days of receiving actual notice from the EEOC that her case had been dismissed. The EEOC originally dismissed Leon's EEOC charge on April 29, 1983. She allegedly requested reconsideration of the EEOC dismissal in May 1983. The EEOC destroyed all of the records pertaining to Leon's case on January 16, 1985. However, Leon admits in her deposition that the EEOC informed her no later than February 14, 1985 that her case, including any request for reconsideration, was dismissed.
 
 
 8
 Although she knew that her case was finally dismissed and no longer pending on February 14, 1985, Leon did not file a lawsuit for 208 days, which is well beyond the 90 day time period allowed by statute. A plaintiff must commence a legal action within 90 days of receiving actual notice that the EEOC has dismissed her case. Cook v. Providence Hospital, 820 F.2d 176, 179-80 (6th Cir.1987). While the 90 day limitation may be tolled for equitable reasons, equitable tolling only occurs in limited circumstances and is not meant to be an escape valve for failure to comply with jurisdictional requirements. Cook, 820 F.2d at 180. The circumstances of this case do not justify application of the equitable tolling doctrine. Leon had actual knowledge that her case was no longer pending and had been finally dismissed. Yet she waited well over 90 days after learning this fact from the EEOC to file a lawsuit. Leon's case was thus properly dismissed for lack of jurisdiction.
 
 
 9
 For these reasons, the motion for miscellaneous relief is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.