941 F.2d 1209
 57 Fair Empl.Prac.Cas. (BNA) 688
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A. Leon BANKS, Plaintiff-Appellant,
v.
ROCKWELL INTERNATIONAL CORPORATION, NORTH AMERICAN AIRCRAFT
OPERATIONS, Defendant-Appellee.
 No. 91-3387.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 1
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JARVIS, District Judge.*
 
 ORDER
 
 2
 A. Leon Banks, a pro se Ohio plaintiff, appeals the district court's order and judgment granting summary judgment to the defendant in his employment discrimination/breach of oral contract action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., and Ohio common law. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $150,000 in damages and unspecified injunctive relief, Banks, who is black and was born in 1937, sued his former employer, Rockwell International Corporation, North American Aircraft Operations (Rockwell). In his amended complaint, Banks alleged that Rockwell discriminated against him because of his race and age and also breached an oral contract with him when it failed to consider him for several available positions which Banks alleged were commensurate with his education and experience. All of the identified positions were filled by Rockwell in 1982 and 1983. An earlier lawsuit, filed in 1984 and arising out of the same operative facts and transactions as the present suit, was decided adversely to Banks and that judgment was affirmed on appeal. Banks v. Rockwell Int'l North American Aircraft Operations, 666 F.Supp. 1053 (S.D.Ohio 1987), aff'd, 855 F.2d 324 (6th Cir.1988). Banks has exhausted his administrative remedies regarding his present action.
 
 
 4
 The defendant filed a motion for summary judgment to which Banks responded. The district court granted the defendant's motion in an order filed March 20, 1991, finding that Banks's claims were barred both by the doctrine of res judicata and by the applicable statutes of limitations.
 
 
 5
 On appeal, Banks argues that the district court incorrectly found that there were few disputed facts in the case and continues to argue the merits of his claims. In his brief, he requests the appointment of counsel and a transcript at government expense.
 
 
 6
 Upon review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 Banks argues on appeal that his response to the defendant's motion for summary judgment did identify disputed issues of fact which should preclude entry of summary judgment for the defendant. "Not every factual dispute, however, will preclude summary judgment. Any fact in dispute must be material in that it could potentially affect the outcome." United States v. Murphy, No. 90-5648 (6th Cir. June 19, 1991), slip op. at 7 ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).
 
 
 8
 The factual disputes identified by Banks in his response to the motion for summary judgment and in his appellate brief are not material to the outcome of this case. Those disputes relate principally to the defendant's possible motivation in hiring other individuals instead of Banks into the positions at issue. Banks still does not identify any positions available after October 1983 commensurate with his experience and education which he sought but for which he did not receive consideration. Neither does he dispute the fact that the issues he raises in his present action were or could have been brought in his 1984 action. Consequently, none of the factual disputes he has raised affects the district court's finding that his claims are barred by the doctrine of res judicata and the applicable statutes of limitations.
 
 
 9
 Finally, the additional issue that Banks attempts to raise in his appellate brief, that he was terminated less than eighty days short of being able to "tie-in" his requirements for retirement, was not presented to the district court and will not be considered for the first time on appeal. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 10
 Accordingly, we deny the requests for the appointment of counsel and a transcript at government expense. We affirm the district court's judgment for the reasons stated in its opinion and order filed March 20, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, U.S. District Judge for the Eastern District of Tennessee, sitting by designation