23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John Wesley THOMPKINS, Plaintiff-Appellant,
v.
FIRESTONE STEEL PRODUCTS CO., doing business as Accuride
Corp.; Gerald Wayne Douglas; UAW Local 2036;
Don Hutchinson, Defendants-Appellees.
 No. 93-5837.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges, and HILLMAN, Senior District Judge.*
 
 ORDER
 
 2
 John Wesley Thompkins, a pro se Kentucky plaintiff, appeals a district court order dismissing his employment discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $800,000 in damages plus reinstatement to his former employment, Thompkins sued his former employer (Firestone Steel, now "Accuride"), an Accuride official, his local labor union, and the then-union president. He alleged that his employment was wrongfully terminated on November 2, 1982, by defendant Douglas and that defendant Hutchinson wrongfully withdrew Thompkins's grievance on account of his race. The district court dismissed Thompkins's claim as frivolous under 28 U.S.C. Sec. 1915(d) because the right-to-sue letter, issued by the Equal Employment Opportunity Commission (EEOC) and submitted with his complaint, was dated over ten years after the alleged act of discrimination and Thompkins provided no explanation for his extraordinary delay in pursuing his remedies.
 
 
 4
 On appeal, Thompkins continues to argue the merits of his claim. He also argues that the EEOC's right-to-sue letter, reissued in 1993 because he had reportedly lost an earlier one issued in 1983, rendered his complaint timely.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Thompkins's complaint as frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed under Sec. 1915(d) when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Although Thompkins's complaint does have an arguable basis in fact, it does not have an arguable basis in law because it was not timely filed and Thompkins offers no basis for equitable tolling.
 
 
 6
 The district court found Thompkins's claim to be untimely because, based upon the 1993 date of his right-to-sue letter, it believed he had not timely filed a charge with the EEOC as required by statute. In objections to the district court's memorandum, Thompkins explained that he had timely filed a charge with the EEOC and that the agency had issued him a right-to-sue letter sometime in April 1983. However, he further explained that he lost the initial notice and subsequently requested a copy. The EEOC, having lost his records, instead issued a second right-to-sue notice dated February 23, 1993.
 
 
 7
 A Title VII plaintiff satisfies the prerequisites to an employment discrimination action by (1) filing a timely charge of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue. 42 U.S.C. Sec. 2000e-5(f)(1); Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir.1989). There is no dispute that Thompkins filed his federal complaint within 90 days after the issuance of this second notice. Nonetheless, while the EEOC has the discretion to withdraw its determination and to issue a second notice of the right to sue, the later notice is subject to challenge if its sole purpose was to extend the initial notice period. Jackson v. Richards Medical Co., 961 F.2d 575, 580 (6th Cir.1992). It is clear from the record that the second notice was issued in Thompkins's case solely to extend the initial notice period. Thompkins does not even allege that he asked for reconsideration of the EEOC's initial determination; in fact, he merely requested a copy of the 1983 notice. Consequently, the timeliness of Thompkins's Title VII action must be considered in light of the initial 1983 notice.
 
 
 8
 The time limits for filing Title VII actions are not jurisdictional and may be tolled. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Banks v. Rockwell Int'l North American Aircraft Operations, 855 F.2d 324, 326 (6th Cir.1988). But "[e]quitable tolling, or waiver, ... is available only in compelling cases which justify a departure from established procedures." Puckett, 889 F.2d at 1488. This is certainly not a compelling case that justifies equitable tolling. Thompkins admits that he received his notice from the EEOC in April 1983. Afterwards, he did absolutely nothing until filing an action under 42 U.S.C. Sec. 1983 in February 1992. He does not claim that he did not understand his rights or that any of the defendants acted in any way to prevent him from pursuing his claim. Instead, his sole excuse is that he lost the original notice. This is wholly insufficient to justify tolling the statutory time limit. There is simply no arguable basis in law by which to render this complaint timely.
 
 
 9
 Accordingly, the district court's order, entered on May 12, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, Senior U.S. District Judge for the Western District of Michigan, sitting by designation