72 F.3d 131
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Alfred G. WOOD, Plaintiff-Appellant,
v.
Paul G. SWANSON, Summit County Engineer; Kurt Obendorfer;
Greg Wilson; Charles Martin, Dr.; Dan Newcome;
Erin L. Bethea, Defendants-Appellees.
 No. 95-3069.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Alfred G. Wood, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 2000e-5. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wood filed a civil rights complaint alleging that the defendants fired him because of his race, and that they harassed him because of his drug problem. Wood worked as a traffic marker for the Summit County Engineer's Office (the County). In September 1993, Wood had a pre-disciplinary hearing for various instances of misconduct, including: 1) a conviction for a drug offense; 2) threatening a supervisor; 3) attendance problems; and 4) failure to ring out. On October 1, 1993, the County discharged Wood based upon the hearing officer's findings and recommendations. Thereafter, on August 4, 1994, Wood filed a charge with the Equal Employment Opportunity Commission (EEOC), asserting that the defendants had discriminated against him because of his race and disability (drug problem). On or about August 9, 1994, Wood filed this civil rights action in the district court. On March 3, 1995, Wood received a right to sue letter from the EEOC.
 
 
 4
 Upon review of the defendants' motion to dismiss and Wood's response, the district court dismissed the complaint because Wood had not complied with the prerequisites for filing a Title VII discrimination suit.
 
 
 5
 In his timely appeal, Wood asserts that he has filed a charge with the Ohio Civil Rights Commission.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Wood's complaint. See Fed.R.Civ.P. 12(b)(6); Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir.1993). The defendants established that Wood had not satisfied the prerequisites for filing an employment discrimination action because he did not file a timely charge with the EEOC and because he filed his complaint in federal court even though he had not yet received the required right to sue letter. See 42 U.S.C. Sec. 2000e-5(f)(1); Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir.1989). Moreover, Wood has not presented an adequate reason to excuse his failure to comply with these prerequisites. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Banks v. Rockwell Int'l North Am. Aircraft Operations, 855 F.2d 324, 326 (6th Cir.1988).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation