76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcus Wayne FIELDS, Plaintiff-Appellant,
v.
Marvin RUNYON, United States Postmaster, Defendant-Appellee.
 No. 95-3486.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1996.
 
 Before: MARTIN, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Marcus W. Fields, a pro se litigant, appeals a district court judgment dismissing his case as frivolous pursuant to 28 U.S.C. § 1915(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking "reinstatement," back-pay and benefits, Fields filed this claim pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, et seq. The defendant is the Postmaster General of the United States Postal Service (USPS).
 
 
 3
 In his complaint, Fields claimed that: 1) the USPS misgraded his employment examination in retaliation because he had previously filed a discrimination complaint against it; and 2) the USPS discriminated against him on account of his race, sex, and handicap. The district court dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(d) and certified that an appeal would not be in good faith pursuant to § 1915(a). Thereafter, Fields paid the filing fee.
 
 
 4
 In his timely appeal, Fields reasserts the claims he set forth in the district court.
 
 
 5
 This court reviews a judgment dismissing a complaint as frivolous pursuant to § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). A complaint, permitted to be filed without prepayment of any costs under 28 U.S.C. § 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims of a legal interest which clearly does not exist. Id. at 327-28.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion because Fields's claims lack an arguable or rational basis in law. In addition, although the district court did not specifically address the issue of timeliness, it should be noted that Fields's complaint was untimely. Title VII provides that the Equal Employment Opportunity Commission (EEOC) shall notify the person aggrieved of his rights to sue and that within ninety days after the giving of such notice, a civil action may be brought. 42 U.S.C. § 2000e-5(f)(1); see Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474 (6th Cir.1986). The EEOC decision in this case was issued on March 19, 1993. Fields is presumed to have received a copy of the decision five days later. Banks v. Rockwell Int'l North Am. Aircraft Operations, 855 F.2d 324, 326 (6th Cir.1988). Fields filed suit in the district court on February 23, 1995, approximately twenty months after his filing period had expired. The record does not indicate that any tolling principle applies in this case as it appears that Fields was not misled nor does it appear that he was incarcerated or otherwise incompetent to file suit.
 
 
 7
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum of opinion and order filed on March 24, 1995.