**Vicki J. PAGE, Plaintiff–Appellant,**

v.

**METROPOLITAN SEWER DISTRICT OF LOUISVILLE AND JEFFERSON COUNTY; National Association of Government Employees, Local R5–191; Equal Employment Opportunity Commission, Defendants–Appellees.**

No. 03–5471.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2003.

584

Vicki J. Page, pro se, Louisville, KY, for Plaintiff–Appellant.

Benjamin S. Schecter, Asst. U.S. Attorney, Office of The U.S. Attorney, Lester I. Adams, Jr., Laurence J. Zielke, Pedley, Zielke, Gordinier & Pence, Louisville, KY, for Defendants–Appellees.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

## ORDER

Vicki J. Page, a pro se Kentucky resident, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 2000e (Title VII). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Page sued the Metropolitan Sewer District (MSD), her local union, and the Equal Employment Opportunity Commission (EEOC). Page alleged that she was subjected to abusive language and was denied a truck driver's position with MSD because of her race, sex, age, and disability. She sued the EEOC contending that the Commission did not conduct a thorough investigation and she sued her local union for allowing the alleged discrimination to occur. The district court dismissed all of Page's allegations except her claim of age discrimination regarding her failure to be selected for a truck driver's position in 1996. After further investigation, the district court dismissed Page's age discrimination claim as Page had failed to timely file her complaint after receiving her EEOC right-to-sue letter. On appeal, Page argues the merits of her complaint.

The district court's order is reviewed de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

Page's complaint is time barred. Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the EEOC and then file suit within ninety days after receiving the right-to-sue letter.

42 U.S.C. § 2000e–5(e) and (f); *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Page received a right-to-sue letter from the EEOC on November 11, 1997, and a second letter on December 22, 1999. However, she did not file her complaint until February 24, 2000. Although Page filed numerous complaints with the EEOC, only her complaint in 1997 and the 1997 right-to-sue letter concerned the denial of the truck driver position. As Page received her right-to-sue letter on November 11, 1997, and she failed to file her complaint until February 24, 2000, Page's complaint was untimely.

Although the time limit to file a Title VII action is not jurisdictional, it is still a condition precedent to filing an action in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir.1988). Page has not presented any evidence that equitable reasons exist to excuse her failure to comply with the prerequisite for filing her lawsuit. Equitable tolling, waiver, and estoppel are available only in compelling cases which justify a departure from established procedures. *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir.1989). Page has not presented any reason to justify the tolling requirements of § 2000e–5(e) and (f).

Finally, it is noted that Page's action is not preserved from dismissal under a continuing violation theory. As MSD noted in its brief, when an employee believes that he or she has been subjected to discrimination, the statute of limitations begins to run from the date the employee knew or should have known the act of discrimination occurred. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 948 (6th Cir. 1987). Page admitted that she knew that the alleged act of discrimination occurred on October 17, 1996. It makes no difference as to the running of the statute of limitations that Page continued to work for MSD. Her ongoing employment was insufficient to prolong the life of her discrimination claim. *Id.* at 947.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.