Sammy R. PEARISON, Plaintiff–
Appellant,

v.

PINKERTON'S INCORPORATED, for-
merly known as Burns International
Security Services and Borg Warner
Protective Services Corporation, De-
fendant–Appellee.

No. 03–5491.

United States Court of Appeals,
Sixth Circuit.

Jan. 23, 2004.

Sammy R. Pearison, pro se, Chatanooga,
TN, for Plaintiff–Appellant.

Frederick T. Smith, Charles L. Bach-
man, Jr., Seyfarth Shaw, Atlanta, GA, for
Defendant–Appellee.

Before KENNEDY, DAUGHTREY,
and COLE, Circuit Judges.

## ORDER

Sammy R. Pearison, a Tennessee resi-
dent proceeding pro se, appeals a district
court judgment dismissing his employment
discrimination action brought under Title
VII of the Civil Rights Act of 1964 (42
U.S.C. §§ 2000e, et seq.), its counterpart
in Tennessee state law, the Tennessee Hu-
man Rights Act ("THRA") (Tenn.Code
Ann. §§ 4–21–101 to 4–21–401), and the
Americans with Disabilities Act ("ADA")
(42 U.S.C. §§ 12101, et seq.). This case
has been referred to a panel of the court
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. Upon examination, this

panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pearison, an African–American, is a former employee of Pinkerton's, Inc. ("Pinkerton's"). He worked for Pinkerton's as a security guard until he resigned his employment on September 30, 1998. On May 13, 2002, Pearison filed his complaint claiming race discrimination in employment. He also alleged that he was discriminated against because of an undisclosed disability in violation of the ADA. Pearison named Pinkerton's, as well as several individuals (Deborah Leatherberry, Guy D. Thomas, Don Walker, Thomas Clark, Melody A. Fletcher, and Joseph Downs, Jr.), as defendants.

On September 16, 2002, the district court granted Pinkerton's motion for partial summary judgment on Pearison's ADA claim. The court held that Pearison failed to exhaust his administrative remedies with respect to this claim. The individual defendants were never served and the complaint against them was dismissed, without prejudice, by order dated November 4, 2002, after Pearison failed to demonstrate good cause as to why he failed to effect service on these individuals within the time prescribed by Fed.R.Civ.P. 4(m).

On October 11, 2002, Pinkerton's filed a motion pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the Title VII claim on the ground of lack of subject matter jurisdiction. Pinkerton's argued that subject matter jurisdiction was lacking because Pearison did not file his complaint in the district court within ninety-days of his constructive receipt of the right-to-sue ("RTS") notice mailed to him by the Equal Employment Opportunity Commission (EEOC") on October 31, 2001, as required by 42 U.S.C. § 2000e–5(f)(1). Pearison opposed the motion to dismiss claiming that he did not actually receive the RTS notice because the EEOC mailed it to his former residence at 2624 Glenwood Parkway, Apt. 3, Chattanooga, TN 37404.

The district court reserved ruling on Pinkerton's motion so that the parties could supplement the record with a more complete explanation of the relevant facts. Pinkerton's filed a supplemental brief in support of its motion to dismiss and requested the court to treat the motion to dismiss as one for summary judgment since the court intended to rely on documents and proof outside the pleadings. The district court agreed with Pinkerton's and converted the motion to dismiss into one for summary judgment pursuant to Fed.R.Civ.P. 12(b) and 56. Ultimately, after reviewing the record as supplemented by the parties, the court granted Pinkerton's summary judgment motion after concluding that the Title VII claim was time-barred because Pearison did not notify the EEOC of his change of address and did not file suit in the district court within ninety days after constructive receipt of the RTS notice from the EEOC as required by 42 U.S.C. § 2000e–5(f)(1). This appeal followed.

Pearison does not reassert his ADA claim on appeal. Issues raised in the district court, but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Thus, this claim will not be considered.

We review the district court's dismissal of a complaint for failure to serve the defendants under an abuse of discretion standard of review. *See Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996). Upon review, we conclude that the district court did not abuse its discretion when it dismissed Pearison's complaint against the individual defendants pursuant to Fed.R.Civ.P. 4(m). *Id.* at 219. Pearison has not shown good cause for his failure under Rule 4(m). He

did not make a reasonable, diligent effort to timely effect service of process. There is no indication that Pearison ever read or made a good faith attempt to follow and comply with Fed.R.Civ.P. 4(e), Tenn. R. Civ. P. 4.04(10), and the rules governing service of process by mail.

We review an order granting summary judgment de novo and use the same standard as used by the district court. *See EEOC v. Prevo's Family Mkt., Inc.*, 135 F.3d 1089, 1093 (6th Cir.1998); *Barrett v. Harrington*, 130 F.3d 246, 251 (6th Cir. 1997). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Prevo's Family Mkt.*, 135 F.3d at 1093 (citing Fed.R.Civ.P. 56(c)).

■ Upon review, we conclude that summary judgment for Pinkerton's, Inc. on Pearison's THRA claim was proper for the reasons stated by the district court. Pearison's claim under the THRA is precluded by a Tennessee judicially imposed one-year limitations period on claims brought pursuant to Tenn.Code Ann. § 4–21–311. *See Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir.2001). Pearison's THRA cause of action accrued, at the latest, on September 30, 1998, the date he resigned his position at Pinkerton's, Inc. Pearison had one year from September 30, 1998, within which to file his THRA cause of action in court but he failed to do so. Pearison filed suit in the district court on May 13, 2002, long after the statute of limitations had run on his THRA claim.

■ Upon further review, we conclude that summary judgment for Pinkerton's, Inc. on Pearison's Title VII claim was proper for the reasons stated by the district court. Pearison's Title VII claim is time-barred. *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a); *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331–32

(6th Cir.1989). The EEOC's direction of the RTS letter to Pearison's former address was caused by the failure of Pearison to properly notify the EEOC of his correct mailing address. This did not stop the running of the ninety-day time limit provided in 42 U.S.C. § 2000e–5(f)(1). *See Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326–27 (6th Cir. 1988); *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474–75 (6th Cir.1986). Pearison had an affirmative duty to promptly notify the EEOC of any change in his mailing address to ensure that the RTS letter would be mailed by the EEOC to his correct address. *See Ball v. Abbott Adver., Inc.*, 864 F.2d 419, 421 (6th Cir. 1988); *Banks*, 855 F.2d at 327; *Hunter*, 790 F.2d at 474–75.

Finally, no equitable tolling appears to be applicable in this case. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988). The reason Pearison did not actually receive the RTS letter by mail was due to his own neglect and lack of diligence in failing to provide the change of address to the EEOC. *Banks*, 855 F.2d at 326–27; *Hunter*, 790 F.2d at 475. Pearison did not act in a diligent, reasonable manner to notify the EEOC of his change of address. Pearison's neglect and lack of diligence cannot be excused by equitable tolling. Moreover, Pearison had constructive notice of the RTS letter when the EEOC mailed it to his address of record.

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.