**MEDICAL REHABILITATION SERVICES, P.C., a Michigan corporation, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Dept. of Health and Human Services, Defendant.**

**Nos. 86–CV–73054–DT, 86–CV–73056–DT.**

United States District Court, E.D. Michigan, S.D.

Aug. 25, 1989.

**7.** See *supra* note 6.

Alice M. MacDermott, Birmingham, Mich., for plaintiff.

Thomas Lewis Nelson, Dept. of HHS, Washington, D.C., for defendant.

## MEMORANDUM ORDER AND OPINION

ZATKOFF, District Judge.

This lawsuit involves an appeal by plaintiff Medical Rehabilitation Services, P.C., a health care provider under the Medicare program of the Social Security Act, from a decision of the Provider Reimbursement Review Board (PRRB), an administrative tribunal established pursuant to Section 1878 of the Social Security Act, 42 U.S.C. § 1395oo (a). Currently before the Court are cross-motions for summary judgment.

### STATUTORY AND REGULATORY BACKGROUND

The Medicare program was created by Congress to ensure that certain elderly and disabled individuals would be afforded a wide range of health care services. The health services authorized by Congress are performed by qualified health care providers (hereafter "providers"). Plaintiff is a provider.

Providers are entitled to be compensated for health care services that they render to qualified individuals. 42 U.S.C. §§ 1395x(u), 1395f. The Secretary of the Department of Health and Human Services (hereafter "Secretary") may, at its discretion, subcontract the responsibility of compensating a provider for services rendered to a private insurance company which

would act as a "fiscal intermediary" for the Secretary. 42 U.S.C. § 1395. Blue Cross Blue Shield of Michigan (hereafter "BCBS") is the fiscal intermediary charged with compensating plaintiff for services rendered.

The fiscal intermediary is required to perform the initial review of all compensation claims submitted by a provider. 42 C.F.R. § 405.406. The fiscal intermediary should pay no more than the reasonable cost for services provided. After reviewing a claim, the fiscal intermediary issues the provider a Notice of Program Reimbursement (hereafter "NPR") detailing those services for which the provider is entitled compensation. 42 C.F.R. § 405.1803. The fiscal intermediary may, under certain circumstances, reopen NPRs within three years of their issuance. See 42 C.F.R. § 405.1885. A discontent provider may appeal the determination of a fiscal intermediary to the PRRB. Such appeal must be made within 180 days of the issuance of the NPR. 42 U.S.C. § 1395oo (a).

## FACTS

For fiscal years ending (hereafter "FYE") November 30, 1979, 1980, 1981 and 1982, plaintiff filed cost reports with BCBS for the purpose of being reimbursed and compensated for patient care. Plaintiff sought, among other things, the following reimbursements for rent expenses paid to nursing homes for patient care:

| FYE | 11/30/79 | $ 79,000; |
| FYE | 11/30/80 | $107,000; |
| FYE | 11/30/81 | $125,250; |
| FYE | 11/30/82 | $133,750. |

BCBS initially reimbursed plaintiff for the claimed expenses for FYE 1979, 1980 and 1981. In February, 1984, BCBS retroactively disallowed the plaintiff's rent expenses as follows:

| FYE | 11/30/79 | $39,316 disallowed; |
| FYE | 11/30/80 | $42,896 disallowed; |
| FYE | 11/30/81 | $55,859 disallowed. |

BCBS disallowed the reimbursements by reopening the cost reports for the years in question.

At the same time, BCBS disallowed $67,-388 in expenses claimed for FYE 1982. The 1982 cost report had not been finalized by February, 1984. Therefore, there was no need to reopen the 1982 cost report.

Plaintiff unsuccessfully attempted to convince BCBS that it erred in disallowing the rent expenses. On August 13, 1984, BCBS mailed plaintiff corrected NPRs for the FYE 1979 and 1981. The corrected NPRs were sent certified mail and accepted at plaintiff's place of business by "B. Garner for A.M. Sayed." B. Garner is an independent contractor retained by plaintiff. A.M. Sayed is a corporate officer of plaintiff. On September 18, 1984, BCBS sent to plaintiff by certified mail a corrected NPR for FYE 1980 which was accepted by "B. Garner." Plaintiff maintains it never received any of the NPRs. Plaintiff further contends that as late as March, 1985, BCBS represented that the rent adjustments at issue were not final.

On March 1, 1985, plaintiff timely filed an appeal of its FYE 1982 cost report. This appeal included, among other things, the rent expenses disallowed by BCBS. The rent expense issue was ultimately resolved in favor of plaintiff.[1]

On January 6, 1986, plaintiff attempted to add the FYE 1979, 1980 and 1981 rent adjustments to the appeal filed with the PRRB on March 1, 1985. Plaintiff argued the consolidation of the rent adjustments was justified for three reasons. First, plaintiff maintained BCBS had mislead it by stating the adjustments were not final and that the adjustments flowed through each other and were considered as a single adjustment. Second, plaintiff argued that since it never received any NPRs, and more than one year had passed since the February, 1984 adjustments, plaintiff should have been permitted to file an appeal pur-

---

1. The rent expense disallowance was one of many issues raised by plaintiff regarding the FYE 1982 cost report. Plaintiff seeks judicial review of those issues raised in the March 1, 1985 administrative appeal which were resolved adverse to plaintiff. That appeal is before this Court and is the subject of case number 87–CV–74547–DT. The issues raised in case number 87–CV–74547–DT are not addressed by this Memorandum Opinion and Order.

suant to 42 C.F.R. § 1835(c).[2] Finally, plaintiff argued that if the 180–day period applied to the appeal for FYE 1979 through 1981, the appeal should nonetheless be permitted pursuant to 42 C.F.R. 405.1841(b) which provides in relevant part:

A request for a [PRRB] hearing filed after the [180–day] time limit ... shall be dismissed by the [PRRB], except that for good cause shown, the time limit may be extended.

The PRRB rejected plaintiff's arguments. The PRRB found that the request was not filed within 180 days of the dates of the NPRs issued for the years in question. The PRRB further found plaintiff failed to demonstrate good cause for filing late. Although the PRRB did not delineate its reasons in support of its conclusion, the administrative record is part of the court file.

On November 28, 1986, plaintiff filed two lawsuits in the Eastern District of Michigan; case number 86–CV–73054–DT, and case number 86–CV–73056–DT. Pursuant to local court rules the cases were found to be companion and as a result, both cases are before this Court.

Sometime after the lawsuits were filed, this Court held a status conference wherein all counsel agreed the lawsuits could be resolved by cross-motions for summary judgment. Thereafter, the Secretary moved to have the cases consolidated. The Secretary represented that the issues were so similar that judicial economy mandated that the cases be consolidated before the filing of dispositive briefs. The Court granted the Secretary's motion to consolidate. In reading the briefs currently filed, the Court notes that the Secretary now maintains that "[t]he Cross–Motions for Summary Judgment [currently before the Court] ... affect only the matter directly in issue in No. 86–CV–73054–DT."

After carefully reviewing both cases and the briefs currently on file, the Court finds the Secretary is correct. As of this date, no briefs have been filed which address the issues raised in case number 86–CV–73056–DT. Accordingly, the Court hereby VACATES the Order consolidating case number 86–CV–73054–DT with case number 86–CV–73056–DT. The following Scheduling Order shall apply to case number 86–CV–73056:

Dispositive Motions shall be filed by all litigants no later than October 13, 1989; Responses to Dispositive Motions shall be filed no later than October 30, 1989; Replies to Responses shall be filed no later than November 6, 1989.

The Order of Consolidation having been vacated, the Court shall address the briefs currently before the Court as cross-motions for summary judgment in case number 86–CV–73054–DT.

### LAW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1986); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v.*

**2.** 42 C.F.R. § 1835(c) provides that if the intermediary fails to issue a NPR to a provider, the provider may file an appeal with the PRRB if more than one year has passed since the cost report adjustment. As more fully set forth in this Opinion, the Court finds substantial evidence to support the conclusion that BCBS sent a NPR to plaintiff for the years in question. Accordingly, the Court need not address the applicability of 42 C.F.R. § 1835(c).

*Providence Hosp.*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252–53, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Inc.*, 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant and thus summary judgment is appropriate. *Celotex*, 477 U.S. at 324–25, 106 S.Ct. at 2553; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)).

Judicial review of a PRRB determination is limited to whether there is substantial evidence to support the PRRB's determina-tion. 42 C.F.R. § 405.1871(b). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support the decision. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). By definition, the substantial evidence standard of review allows for many cases to be decided either way on the same record. The fact that a record may also possess substantial evidence to support a different conclusion than that reached by the PRRB or that a reviewing judge might have decided the case differently is irrelevant. *Cf. Crisp v. Secretary*, 790 F.2d 450, 453, n. 4 (6th Cir.1986).

Before reviewing whether there is substantial evidence to support the Secretary's determination, the Court must address the Secretary's argument that the Court lacks jurisdiction over this dispute.

■ 42 U.S.C. § 1395*oo* (f)(1) entitles a provider to judicial review only when the provider has obtained a final decision from the PRRB. Defendant submits a provider may obtain a final decision suitable for judicial review only if it satisfies the jurisdictional prerequisites to PRRB review. In this case, plaintiff failed to file its appeal within 180 days of the NPRs for FYE 1979, 1980 and 1981. Thus, plaintiff failed to satisfy the jurisdictional prerequisite to PRRB review.

The Eighth Circuit addressed this issue in *St. Joseph's Hospital v. Heckler*, 786 F.2d 848 (8th Cir.1986).[3] In *St. Joseph's*, a

---

**3.** The Sixth Circuit addressed a similar issue in *Saline Community Hospital v. Secretary of Health and Human Services*, 744 F.2d 517 (6th Cir.1984). The Secretary submits the *Saline* decision is binding precedent requiring summary judgment in favor of the Secretary in the case at bar. *Saline*, although analogous to the instant case, is factually distinguishable. *Saline* involved an attempt by a provider to amend cost reports submitted to the intermediary for reimbursement. The intermediary refused to allow the amendment and the PRRB found that it lacked jurisdiction to review the intermediaries' decision to deny the amendment. The instant case involves an appeal of the intermediaries' disallowance of certain expenses. The plaintiff never attempted to amend its cost reports after submitting them to BCBS.

The Secretary relies upon a footnote in the Sixth Circuit's opinion wherein it distinguished a district court case out of California which found that federal court jurisdiction was not available because the provider had failed to timely file its administrative appeal. The Sixth Circuit stated:

[u]nder the statute, a PRRB refusal to hear a case because it was not timely is *not* a 'final decision'—thus the court was left with the untenable option of asserting Title 28 jurisdiction, which it properly declined to do.

*Saline*, 744 at 520, n. 4. This footnote is dicta.

Interestingly, the *Saline* court held that the PRRB decision that it lacked jurisdiction to hear the claim was a final decision for purposes of judicial review but the district court's jurisdiction was limited to review of whether the PRRB decision that it lacked jurisdiction was supported by substantial evidence. The same result is reached by this Court in the instant case.

Medicare provider appealed a PRRB decision to the federal district court. The district court noted that the provider failed to file its administrative appeal from the fiscal intermediary to the PRRB within the statutorily prescribed 180-day limit. *See* 42 U.S.C. § 1395*oo* (a). The district court further noted that the PRRB dismissed the appeal for failure to file the appeal in a timely manner. As a result, the district court dismissed the lawsuit for lack of subject matter jurisdiction. The district court held that a dismissal by the PRRB resulting from the provider's failure to file a timely appeal is not a final decision of the PRRB within the meaning of 42 U.S.C. § 1395*oo* (f)(1).

The Eighth Circuit affirmed. In affirming, however, the Eighth Circuit categorized appeals from the PRRB into three distinct classes. The first class of appeals arises when a provider has complied with the threshold requirements of 42 U.S.C. § 1395*oo* (a). In such instances the PRRB is required to conduct a hearing and render a decision. That decision would, without question, be a final decision within the meaning of 1395*oo* (f)(1) which would be subject to judicial review. *St. Joseph's,* 786 F.2d at 851.

A second class of appeals found by the Eighth Circuit occurs when a provider challenges the PRRB's determination that it has failed to satisfy the threshold requirements of 42 U.S.C. § 1395*oo* (a). The Eighth Circuit found this type of decision to be a final decision subject to judicial review. The Eighth Circuit reasoned:

> because the PRRB is empowered to decide questions relating to its own jurisdiction to grant a hearing, including issues of timeliness ... a decision rejecting a claim for failure to fulfill a threshold requirement must be a final decision for purposes of judicial review. Otherwise, the PRRB could effectively preclude any judicial review of its decisions simply by denying jurisdiction of those claims that it deems to be non-meritorious. Such a device would obviously thwart the salutary purposes of Section 1395*oo* (f) (citations omitted).

*St. Joseph's,* 786 F.2d at 851. In reaching this conclusion, the Eighth Circuit relied upon the reasoning and logic of the Sixth Circuit in *Saline Community Hospital v. Secretary of Health and Human Services,* 744 F.2d 517, 520 (6th Cir.1984). See footnote 3, *Supra.*

A final class of appeals occurs when a provider admits it has not complied with the clear requirements of 42 U.S.C. § 1395*oo* (a) which "unambiguously specifies that a provider 'may obtain a hearing' on its claim 'if * * * a request for a hearing [is filed] within 180 days * * * of the intermediary's final determination.' " *St. Joseph's,* 786 F.2d at 851, quoting 42 U.S.C. § 1395*oo* (a)(3). In such instances the Eighth Circuit reasoned that a PRRB decision not to hear the merits of the appeal is not a final decision subject to judicial review. The Eighth Circuit stated:

> because the [providers] have not complied with and cannot comply with the jurisdictional requirements of section 1395*oo* (a) and have no right to seek [PRRB] review, the [PRRB] itself is without jurisdiction to address the [provider's] claims. Because a judicially cognizable final decision necessarily presupposes that the challenged decision is within the agency's congressionally defined jurisdiction, no judicially cognizable final decision reviewable by this court can exist....

This Court is persuaded by the sound reasoning and logic offered by the Eighth Circuit. Applying the facts at bar to the legal standards cited above, this Court finds that the instant appeal is not of the type described by the Eighth Circuit in its first class of appeals since the Secretary never reached the merits of the case.

The Court finds, however, that a portion of plaintiff's appeal falls within the second class of cases described by the Eighth Circuit, i.e. there is a dispute regarding the PRRB's determination that plaintiff failed to file an appeal within 180 days of its receipt of the NPRs.

■ Finally, the Court finds that a portion of plaintiff's appeal falls within the third class of appeals described by the

Eighth Circuit. Plaintiff's good cause argument is beyond this Court's jurisdiction. Before plaintiff can argue it had good cause for filing a late appeal it must admit its appeal was untimely. By admitting the appeal is untimely, plaintiff admits that the PRRB and this Court lack jurisdiction.[4]

Having so found, the Court shall review that portion of plaintiff's claim over which the Court has subject matter jurisdiction. In this regard, it is important to note that the Court cannot review the merits of plaintiff's underlying claim. *Saline,* 744 F.2d at 519–520. Rather, review is limited to whether there is substantial evidence to support the Secretary's determination that plaintiff's "request [for hearing] was not filed within 180 days of the date of the NPR as required." Administrative Record, p. 1.

■ The 180–day period begins to run on the date the provider receives the NPR. Plaintiff submits it never received any of the NPRs and thus, the 180–day period did not commence. Therefore, plaintiff submits, the appeal cannot be untimely.

Review of the administrative record reveals that the Secretary sent the NPRs by certified mail on two different dates. The 1979 and 1981 NPRs were received at plaintiff's place of business by B. Garner. Garner signed the certified mail receipt as follows: "B. Garner for A.M. Sayed." Administrative Record, pp. 19, 20. The 1980 NPR was also received by B. Garner at plaintiff's place of business. Plaintiff admits that B. Garner was an independent contractor employed by plaintiff.

Based upon the above facts, the Court finds substantial evidence upon which a reasonable mind could conclude that plaintiff received the NPRs. The materials were received at plaintiff's place of business by a person employed by plaintiff.

■ Moreover, even accepting plaintiff's claim that it did not receive the NPRs, there remains substantial evidence to support the Secretary's determination. Plaintiff admits that by March, 1985, BCBS ceased claiming that the rent expense disallowances were not final. See Complaint, p. 4; Plaintiff's brief, p. 4. At that point,

---

**4.** Plaintiff relies upon *Western Medical Enterprises v. Heckler,* 783 F.2d 1376 (9th Cir.1986) to argue the Court has jurisdiction to review the PRRB's determination that plaintiff failed to demonstrate good cause for filing a late appeal. In *Western Medical,* the Ninth Circuit found that the Secretary had authority to promulgate 42 C.F.R. § 405.1841(b) which provides, in part:

> A request for a [PRRB] hearing filed after the time limit shall be dismissed by the [PRRB], except that for good cause shown the time limit may be extended.

The Ninth Circuit further found that a [PRRB] decision that a provider lacks good cause for a late appeal is a final decision subject to judicial review. The Ninth Circuit stated that review of a good cause determination is subject to an abuse of discretion standard of review. Thus, the Secretary's determination should not be reversed absent a finding that the Secretary acted arbitrarily and capriciously. *Western Medical,* 783 F.2d at 1380–1381.

This Court finds that the Secretary lacks authority to promulgate 42 C.F.R. § 405.1841(b). Congress specifically provided that a provider "may obtain a hearing * * * [if] such provider files a request for a hearing within 180 days after notice of the intermediary's final determination ..." 42 U.S.C. § 1395*oo* (a)(3). This language vests no discretion in the Secretary. The regulation promulgated by the Secretary effec-

tively expands the jurisdiction of the PRRB by allowing the PRRB the option of entertaining untimely appeals. An administrative agency cannot exceed the specific statutory grant of authority provided by Congress. *See Atchison, Topeka & Santa Fe Railway v. Interstate Commerce Commission,* 607 F.2d 1199, 1203 (7th Cir.1979); *Office of Consumers' Counsel v. Federal Energy Regulatory Commission,* 655 F.2d 1132, 1149, n. 32 (D.C.Cir.1980). Because 42 C.F.R. § 405.1841(b) exceeds the authority Congress gave the Secretary, the regulation is void. In so holding, this Court reaches the same conclusion reached by the Eighth Circuit when it considered the validity of the same regulation. *St. Joseph's Hospital v. Heckler,* 786 F.2d 848, 852–853 (8th Cir.1986).

Assuming arguendo the Court has authority to review the Secretary's determination regarding plaintiff's lack of good cause, the Court would not have found an abuse of discretion. The administrative record indicates that BCBS contested plaintiff's allegations that BCBS mislead plaintiff. *See* Administrative Record, pp. 4–25, 38–39. Based upon the administrative record, it is clear that the PRRB chose to accept the intermediaries' position rather than that of plaintiff. The administrative record indicates that the Secretary did not act arbitrarily or capriciously and did not abuse its discretion in finding plaintiff lacked good cause for filing an untimely appeal.

plaintiff should have been aware that the disallowances were final. Plaintiff did not appeal to the PRRB until January, 1986, well beyond the 180–day limitation period.

■ For all the above stated reasons, the Court finds substantial evidence to support the Secretary's determination that the PRRB lacked jurisdiction to hear plaintiff's claim.[5] Judgment shall so enter.

## CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED:

(1) That the Order consolidating case number 86–CV–73054–DT and case number 86–CV–73056–DT be VACATED:

(2) That the litigants to case number 86–CV–73056 adhere to the Scheduling Order set forth on page 5 of this Memorandum Opinion and Order;

(3) That summary judgment be GRANTED to defendant in case number 86–CV–73054–DT.

**5.** Plaintiff also argues that the administrative appeal should not have been dismissed because plaintiff's counsel and counsel for the Secretary agreed that the 1979, 1980 and 1981 appeals would be dismissed without prejudice and plaintiff would be permitted to refile the appeals. Assuming this to be true, the Court finds no reason to reinstate plaintiff's appeals. If the PRRB lacks jurisdiction over the appeal, plaintiff is forever barred from the relief it requests. Once the time for filing the administrative appeal lapsed, plaintiff lost all rights to pursue the appeal. Thus, even if plaintiff had dismissed the claims without prejudice and refiled them individually, the individual appeals would have been dismissed for lack of jurisdiction.