Arturo BARAJAS, Carl Foster, W. Dean Stewart and Tim Trevino, Plaintiffs,

v.

Duane L. WATERS, Robert Brown, Jr., Gene E. Borgert, Defendants.

No. 91–CV–71782–DT.

United States District Court, E.D. Michigan, S.D.

March 11, 1993.

---

Arturo Barajas, pro se.

Carl Foster, pro se.

W. Dean Stewart, pro se.

Tim Trevino, pro se.

Luann C. Frost, Asst. Atty. Gen., Corrections Div., Lansing, MI, for defendants.

MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on Magistrate Judge Paul Komives' Report and Recommendation that this Court grant defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss, or alternatively, defendants' Fed. R.Civ.P. 56(b) motion for summary judgment. For the reasons hereafter stated, this Court agrees with the Magistrate Judge's conclusion regarding defendants' motion for summary judgment. Plaintiffs' complaint is thus DISMISSED.

## I. BACKGROUND

*Pro se* plaintiffs Arturo Barajas, Carl Foster, W. Dean Stewart and Tim Trevino brought suit in this court on March 19, 1991, pursuant to 42 U.S.C. § 1983 alleging a violation of their constitutional rights under the First, Sixth, Eighth and Fourteenth Amendments.

Plaintiffs are state prisoners who, at all times relevant to this complaint, were incarcerated at the Cotton Regional Correctional Facility in Jackson, Michigan. Defendants are Robert Brown, Jr., Director of the Michigan Department of Corrections; and Gene E. Borgert, Warden at the Cotton Facility.[1] Defendants are being sued in their official and individual capacities.

In their complaint, plaintiffs brought a condition of confinement claim alleging that, under the "totality of circumstances," double celling at the Cotton facility constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Among other things, plaintiffs complain of inadequate ventilation, improper sanitation, poor lighting and restricted access to medical treatment and diagnosis. Plaintiffs' second cause of action asserts that the "totality of circumstances" at the facility, including lack of access to the courts, lack of legal services, and lack of civilian staff at the prison law library constitutes cruel and unusual punishment in violation of the First, Sixth, Eighth and Fourteen Amendments. Plaintiffs seek declaratory relief as well as compensatory and punitive damages.

On September 1, 1992, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56(b). Plaintiffs responded to defendants' motion on October 9, 1992. Magistrate Judge Komives concluded that defendants' motion should be granted in a Report and Recommendation dated November 30, 1992.

The Magistrate Judge reached four conclusions in his Report and Recommendation. First, the Magistrate Judge concluded that plaintiffs had failed to show that defendants were "deliberately indifferent" to the alleged deprivations suffered by plaintiffs. Second, defendants had failed to show that they had been denied access to the courts through either a lack of access to the prison library or by reason of prejudice in pending litigation. Third, the Magistrate Judge recommended that defendants be entitled to qualified immunity. Finally, because defendant Gene Borgert had not been appointed warden of the facility until 1988, any complaints against him for improprieties occurring in 1986 and 1987 should be dismissed for lack of personal involvement.

Plaintiffs filed objections to the Report and Recommendation on December 15, 1992, which simply reiterates their claim that the "totality of conditions" at the facility constituted cruel and unusual punishment in violation of the First, Sixth, Eighth and Fourteenth Amendments. Plaintiffs also argued that the Magistrate Judge erred by ignoring substantial documentation of inadequate prison conditions which proves defendants' deliberate indifference; that the they have indeed shown a denial of access to the courts; and that the defendants are not entitled to qualified immunity. This Court will review *de novo* the Magistrate Judge's determination.

---

1. Duane Waters, a member of the Michigan Corrections Commission was named as a defendant; however, he was never properly served and was dismissed from this suit pursuant to Fed.R.Civ.P. 4(j) in an order issued by this Court on April 22, 1992.

The Michigan Department of Corrections was named as a defendant but the claims against it were dismissed as frivolous pursuant to 28 U.S.C. § 1915(d) in an order issued by Hon. George La Plata on April 1, 1991.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir. 1985); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 368 U.S. 894, 82 S.Ct. 171, 7 L.Ed.2d 91 (1961); *Cook v. Providence Hospital*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2515. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Ind.*, 806 F.2d 673, 675 (6th Cir.1986). Where the nonmoving party has failed to present evidence on an essential element of their case, they have failed to meet their burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" (Footnote omitted)).

## III. OPINION

### A. Conditions of Confinement

■ To survive a motion for summary judgment, plaintiffs' conditions of confinement claim must contain both an objective and subjective component. *Wilson v. Seiter*, —— U.S. ——, ——, ——, 111 S.Ct. 2321, 2326, 2329, 115 L.Ed.2d 271 (1991); *Hunt v. Reynolds*, 974 F.2d 734 (6th Cir.1992).

■ Under the objective component, defendants must claim that the conditions deprived them of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). However, because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society" and because prisoners are not constitutionally guaranteed comfortable prisons, *Rhodes* 452 U.S. at 357, 101 S.Ct. at 2404, a conditions of confinement claim must be based upon "extreme deprivations". *Hudson v. McMillian*, —— U.S. ——, ——, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). Furthermore, "because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if these needs are serious." *Id.* —— U.S. at ——, 112 S.Ct. at 1000 (citing *Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S.Ct. 285, 290–91, 50 L.Ed.2d 251 (1976)).

■ Plaintiffs assert that the "totality of the conditions" resulting from the double celling of inmates amounts to cruel and unusual punishment. However, as plaintiffs acknowledge, double celling does not constitute cruel and unusual punishment *per se*. *Wilson*, —— U.S. at ——, 111 S.Ct. at 2324; *Rhodes*, 452 U.S. at 348–50, 101 S.Ct. at 2400–01. This is because double celling does not amount to the "unnecessary and wanton infliction of pain" required to constitute a violation of the Eighth Amendment. *Rhodes*, 452 U.S. at 346, 101 S.Ct. at 2399. More-

over, nothing so amorphous as overall conditions can satisfy the requirements of an Eighth Amendment claim "when no specific deprivation of a single human need exists." *Wilson,* —— U.S. at ——, 111 S.Ct. at 2327; *Walker v. Mintzes,* 771 F.2d 920, 925 (6th Cir.1985).

Plaintiffs have failed to show or even allege the extreme deprivation of a single human need. Plaintiffs' allegations of overcrowding, poor sanitation, inadequate lighting and ventilation, unappetizing food, and less than ideal medical treatment certainly confirm that prison is an uncomfortable and undesirable place. Nonetheless, absent the extreme deprivation of a single human need, these allegations, alone or in combination, do not raise to the level of cruel and unusual punishment. Therefore, this Court holds that plaintiffs have failed to meet the objective requirement of an Eighth Amendment claim.

■ Under the subjective component of a conditions of confinement claim, plaintiffs must show that the defendant prison officials were "deliberately indifferent" to the deprivations of their needs. *Wilson,* —— U.S. at ——, 111 S.Ct. at 2327; *Gibson v. Foltz,* 963 F.2d 851, 853 (6th Cir.1992). Deliberate indifference is characterized by "obduracy or wantonness, not inadvertence or good faith error...." *Wilson,* —— U.S. at ——, 111 S.Ct. at 2324.

Plaintiffs assert that, because defendants had knowledge of the uncomfortable conditions at the facility, they have met the required showing of deliberate indifference. However, this Court agrees with the Magistrate Judge's conclusion that defendant Gene L. Borgert's affidavit establishes that defendants had at all times made good faith efforts to ensure that the conditions at the facility were in accordance with official guidelines. Thus, even had this Court found that the conditions at the facility amounted to a violation of the Eighth Amendment, plaintiffs have failed to show that defendants Robert Brown, Jr., and Gene L. Borgert acted with the obduracy and wantonness necessary to constitute deliberate indifference. Therefore, because plaintiffs have failed to establish the necessary objective and subjective

components of their claim, defendant's motion for summary judgement will be granted on plaintiffs' conditions of confinement claim.

*B. Access to the Courts*

■ In *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) the Supreme Court held that the fundamental right of access to the courts requires prison authorities to provide prisoners with either an adequate law library or assistance from persons trained in law such that a prisoner's access to the courts is "adequate, effective, and meaningful". *Id.* at 822, 97 S.Ct. at 1498. However, there is no prescribed amount of library time that prisoners must be provided. *Walker v. Mintzes,* 771 F.2d 920, 931 (6th Cir. 1985). Therefore, the proper focus is on the prisoners' right of access to the courts and not necessarily on their right of access to a prison's law library. *Childs v. Pellegrin,* 822 F.2d 1382, 1385 (6th Cir.1987) (citing *Walker,* 771 F.2d at 932).

■ Plaintiffs assert that the facility's law library is inadequate and understaffed, and that prisoners are not provided with sufficient library time required to make their access to the courts adequate, effective, and meaningful. However, prisoners at the facility are allowed two hours per day in the law library. Moreover, plaintiffs have failed to show how they have been prejudiced or denied access to the courts by the alleged deficiencies in the facilities legal services. In light of the fact that plaintiffs possessed the legal materials to pursue this claim, it is difficult to see how their right of access to the courts has been infringed. *See Walker,* 771 F.2d at 932 (citing *Twyman v. Crisp,* 584 F.2d 352, 357 (10th Cir.1978)).

■ In their complaint and objections to the Magistrate Judge's Report and Recommendation, plaintiffs allege that the confiscation of plaintiff Stewart's legal materials on April 12, 1991, did prevent him from seeking judicial review of a disciplinary action in the Wayne County Circuit Court. However, while plaintiff Stewart has claimed denial of access to the courts on this basis, he has failed to show how the confiscation of unidentified legal materials actually prejudiced

pending litigation. *See Walker*, 771 F.2d at 932. He has also failed to show that he was denied access to law books or the law library that would have allowed him to pursue his case. Moreover, as with all constitutional rights, plaintiff's right of access to the courts is subject to reasonable restrictions where justified by legitimate penological objectives. *Turner v. Safley*, 482 U.S. 78, 84–91, 107 S.Ct. 2254, 2259–62, 96 L.Ed.2d 64 (1987). Therefore, this Court holds that plaintiffs have failed to show that they have been denied access to the courts through either a lack of access to the law library or prejudice in pending litigation. Consequently, defendants' are granted summary judgement on this claim as well.

## C. Qualified Immunity

 In their motion for dismissal, or alternatively, summary judgment, defendants raised the defense of qualified immunity. Qualified immunity allows law enforcement personnel and prison officials to perform their discretionary duties in good faith and shields them from civil damages for the inadvertent infringements of constitutional rights. Qualified immunity is not, however, available as a defense if the officer knew or reasonably should have known that the law clearly proscribes the action taken and that the action violated clearly established statutory or constitutional rights. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Doe v. Sullivan County, Tennessee*, 956 F.2d 545, 554 (6th Cir.1992) (citing *Dominque v. Telb*, 831 F.2d 673, 677 (6th Cir.1987)).

Whether defendants' actions in this case were clearly proscribed by the law is to be determined by the "objective legal reasonableness" of the action with regards to the legal rules that were clearly established at the time it was taken. *Harlow*, 457 U.S. at

819, 102 S.Ct. at 2738. Plaintiffs allege that the implementation of double celling at the facility on February 12, 1991, led to a totality of conditions that violated their constitutional rights. However, because the action of double celling prisoners was not clearly prohibited at the time it was taken, defendants did not violate a clearly established law. In fact, double celling had been previously held to not be a violation of the Eighth Amendment. *See Wilson* and *Rhodes infra*. Thus, any officer in the defendants' place could have reasonably believed that the implementation of double celling did not violate the inmates' constitutional rights.

The right allegedly violated must also be clearly established in a much more particularized sense than the right to be free from cruel and unusual punishment. *Anderson* 483 U.S. at 640, 107 S.Ct. at 3039; *Marsh v. Arn*, 937 F.2d 1056 (6th Cir.1991). Therefore, the issue here is whether the defendant's right to be free from cruel and unusual punishment includes a particular right to be free from of double celling. Again, by relying on the Supreme Court's decision in *Rhodes*, a reasonable officer would be justified in his belief that the implementation of double celling would not violate the prisoners' constitutional rights under the Eighth Amendment.

This Court holds that, even had there been a violation of plaintiff's constitutional rights, defendants would have been reasonably justified in their belief that the law did not proscribe their actions and that their actions did not violate plaintiff's statutory or constitutional rights. Therefore, plaintiffs claim for damages can be properly terminated by a summary judgment based on the Court's finding that defendant's are entitled to qualified immunity.[2] *Harlow*, 457 U.S. at 808, 102 S.Ct. at 2732.

## D. Participation of Defendant Borgert

 Finally, plaintiffs have named Gene Borgert as a defendant in this action based

---

**2.** In their objections, plaintiffs' assert that the decision in *Hafer v. Melo*, —— U.S. ——, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) prevents this Court from granting defendants qualified immunity. However, *Hafer v. Melo* merely established that a § 1983 case against a state official in her individual capacity could not be barred by the 11th

Amendment's grant of state immunity. *Id.* —— U.S. at ——, 112 S.Ct. at 364. This decision did not affect the defense of qualified immunity which is still available for a state official being sued in either his official or individual capacity. *Id.* —— U.S. at —— ——, 112 S.Ct. at 364–5.

**228**

on alleged improprieties in the operation of the prison during 1986 and 1987. Defendant Borgert, however, was not appointed warden of the prison until 1988. It is clear that for an official to be liable under a § 1983 claim he must have actively participated in the act that violated the right or at the very least there must be some causal connection between the official's actions and the violation. *Rizzo v. Goode,* 423 U.S. 362, 373–77, 96 S.Ct. 598, 605–07, 46 L.Ed.2d 561 (1976); *Coffy v. Multi–County Narcotics Bureau,* 600 F.2d 570, 580 (6th Cir.1979); *Redmond v. Baxley,* 475 F.Supp. 1111, 1115 (E.D.Mich.1979).

Because Borgert did not actively participate in, or have a causal connection with, the operation of the prison prior to 1988, all allegations against him for improprieties occurring in 1986 and 1987 must be dismissed.

### IV. CONCLUSION

For all the reasons noted above defendants' motion for summary judgement is GRANTED. Accordingly, plaintiffs' complaint is DISMISSED, and this Court Adopts the Magistrates Judges' Report and Recommendation as modified by this opinion.

Under 28 U.S.C. § 1915(a) "[a]n appeal may not be taken *in forma pauperis* if the [district] court certifies in writing that it is not taken in good faith". The Supreme Court has interpreted "good faith" to mean "not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445–56, 82 S.Ct. 917, 921–27, 8 L.Ed.2d 21 (1962). For the reasons stated in this opinion, plaintiffs' complaint fails to state an actionable claim under section 1983. This Court therefore makes a finding that any appeal from this decision would be frivolous. Accordingly, it could not be taken in good faith, and thus may not be taken *in forma pauperis.*

IT IS SO ORDERED.