19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marion CONNER, Plaintiff-Appellant,
v.
NORFOLK SOUTHERN CORPORATION; Mark C. Pirozzi, Defendants-Appellees.
 No. 93-3908.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 N.D.Ohio, No. 92-01831; Sam H. Bell, District Judge.
 N.D.Ohio
 AFFIRMED.
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Marion Conner, a pro se Ohio resident, appeals a district court order dismissing his civil rights complaint construed as being filed pursuant to 42 U.S.C. Sec. 2000e. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his cryptic complaint, Conner sued the Norfolk Southern Corporation because two police officers "endangered" his safety in 1978. He also sued Mark C. Pirozzi, his "court appointed" counsel, because he was ineffective. Defendants moved for summary judgment noting that Conner's complaint apparently concerned his discharge from Norfolk Southern's predecessor in 1978. Conner did not respond to defendants' motions for summary judgment. Subsequently, the district court granted summary judgment for the defendants.
 
 
 3
 In his timely appeal, Conner continues to argue that Pirozzi knowingly neglected him and that the two police officers apparently impaired his ability to perform his job. He requests oral argument.
 
 
 4
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the non-moving party must present significant probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Conner failed to present any evidence opposing defendants' well supported motions for summary judgment. Thus, Conner did not meet his own burden of production. See Celotex Corp., 477 U.S. at 324.
 
 
 5
 Upon de novo review, it is apparent that Conner is attempting to relitigate his Title VII claims which have previously been addressed by this court. Conner v. Norfolk and W. Ry. Co., No. 82-3100, slip op. (6th Cir. Apr. 27, 1983). Therefore, Conner's claims against Norfolk Southern, Norfolk and Western's predecessor, are barred by the doctrine of claim preclusion. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). Furthermore, because Conner received his right to sue letter from the EEOC on January 28, 1981, his claims are barred by the applicable statute of limitations. See Cook v. Providence Hosp., 820 F.2d 176, 179-80 (6th Cir.1987).
 
 
 6
 Conner also appears to allege that Pirozzi committed legal malpractice in his handling of Conner's wrongful discharge case against Norfolk and Western. Ohio's statute of limitations for legal malpractice claims is one year. Zimmie v. Calfee, Halter and Griswold, 538 N.E.2d 398, 400 (Ohio 1989). As Conner contends that his counsel abandoned him in February 1982, and he did not file his complaint until September 4, 1992, Conner's allegations against Pirozzi are barred by Ohio's one-year statute of limitations.
 
 
 7
 Accordingly, we deny the request for oral argument and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.