# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1623

_____

| | | |
|---|---|---|
| Randy Barnes, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Riverside Seat Company; Local No. | * | |
| 710, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: September 5, 2002
Filed: September 12, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Randy Barnes appeals the district court's[1] dismissal of his disability-discrimination action as time-barred. Because Barnes initiated his lawsuit more than two years after the issuance of a right-to-sue letter, we conclude dismissal of his complaint was proper. See 42 U.S.C. § 12117(a) (adopting procedures of 42 U.S.C. § 2000e-5, which requires filing discrimination suit within 90 days of receiving right-

_____

[1] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

to-sue letter from Equal Employment Opportunity Commission (EEOC)). We find no abuse of discretion in the denial of Barnes's postjudgment motion, in which he asserted for the first time that he never received the right-to-sue letter. See Moysis v. DTG Datanet, 278 F.3d 819, 829 n.3 (8th Cir. 2002) (standard of review; arguments or evidence which could and should have been presented earlier cannot be presented in Fed. R. Civ. P. 59(e) motion); Cook v. Providence Hosp., 820 F.2d 176, 179 & n.3 (6th Cir. 1987) (presuming receipt of EEOC right-to-sue letter within 5 days of mailing absent convincing denial of receipt).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.