23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Louella W. BARBER, Plaintiff-Appellant,
v.
Marvin RUNYON; United States Postal Service, Defendants-Appellees.
 No. 93-6318.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Louella W. Barber appeals a district court order denying her Motion to Set Aside Judgment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Barber originally filed a complaint under 42 U.S.C. Sec. 2000e-5 (Title VII), alleging that she was fired from her job with the United States Postal Service for discriminatory reasons and in retaliation for previous charges that she had filed with the Equal Employment Opportunity Commission. On September 29, 1992, the district court dismissed the complaint without prejudice. The district court determined that Barber had failed to amend her complaint as ordered and failed to keep the court advised as to her correct address. Judgment for the defendants was entered on November 18, 1992.
 
 
 3
 Six months later, Barber moved to set aside the court's judgment on the grounds that her mail had been sent to the wrong address and that she was not aware of the court's order to amend the complaint. On June 8, 1993, the district court denied Barber's motion to set aside the judgment, and Barber has filed this timely appeal.
 
 
 4
 Barber's motion to set aside the district court's judgment is construed as having been filed under Fed.R.Civ.P. 60(b)(1), which provides that relief from judgment may be sought on the basis of mistake, inadvertence, surprise, or excusable neglect. A district court's ruling on a motion to vacate a judgment under Rule 60(b) is reviewed for an abuse of discretion. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir.1993).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying the motion, as review of the record does not lead one to the definite and firm conviction that the district court committed a clear error of judgment. See Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 133 (6th Cir.1990).
 
 
 6
 Notice that may be served by mail is "complete upon mailing" and is properly made to the party's "last known address." Fed.R.Civ.P. 5(b). A review of the district court record indicates that the court's order to amend the complaint was mailed to Barber at her last known address. If Barber's address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address. See Pena v. Seguros La Commercial, S.A., 770 F.2d 811, 815 (9th Cir.1985). Barber did not comply with her affirmative duty. Under these circumstances the district court properly denied Barber's motion. Buck v. United States Dep't of Agriculture, Farmers Home Admin., 960 F.2d 603, 608-09 (6th Cir.1992); cf. Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 475 (6th Cir.1986) (equitable tolling of 90-day time period for filing suit was properly rejected as right-to-sue letter was sent to address of record).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.